USRY *et al.* v. CATO.

No. 7398. APRIL 16, 1930.

*M. C. Barwick* and *Hardeman & Hardeman,* for plaintiffs in error.

*B. F. Walker* and *Roy V. Harris,* contra.

BECK, P. J. This is an extraordinary motion for a new trial in the case of Cato versus Usry, which was an equitable suit for the recovery of land. The suit was filed on April 22, 1924. It was first tried at the November term, 1924, and that trial resulted in a verdict in favor of the plaintiff, Mrs. Cato. A motion for new trial was filed, which was heard on the 20th day of April, 1927. Upon the hearing a new trial was granted, and the case came on for trial again at the May term, 1927, of Jefferson superior court, and a verdict in favor of the plaintiff was again rendered. The defendant once more moved for a new trial, and when it came on to be heard on the 24th of April, 1928, a new trial was refused, and the case was brought to this court by writ of error, and the judgment refusing a new trial was here affirmed. 168 *Ga.* 240 (146 S. E. 905). The remittitur of the Supreme Court was filed in the office of the clerk of the superior court of Jefferson County on the 8th day of March, 1929. This extraordinary motion for a new trial was filed at the May term, 1929, of Jefferson superior court, and after hearing was overruled. In an opinion delivered by the judge contemporaneously with his overruling the motion for a new trial, he said, in part: "It further appears from the history of the case heretofore recited that after the last trial of the case opportunity was afforded, because of the long delay in bringing the motion up for hearing, for the parties to make investigation and easily ascertain the relationship, if any existed. Certainly no such effort was made. While, as above stated, the court recognizes the rule and the soundness of the rule that cases should be tried before a qualified, fair, and unbiased jury, the court also recognizes the wise doctrine that there should be an end of litigation, that there should be some point at which an issue becomes closed. An extraordinary motion should be granted within the meaning of the word itself, something extraordinary, something unusual, something which entered into the trial of the case and which was not discovered and could not have been discovered. In other words, verdicts should not be set aside and litigation prolonged unless some extraordinary reason appears for the setting aside of the verdict and judgment. I am of the opinion that this case has been fairly tried. Two verdicts have been returned in favor of the plaintiff. The case has been reviewed by the Supreme Court of Georgia. The plaintiff has prevailed, and her verdict ob-

tained by a jury of twelve men, and the correctness of the trial has been reviewed and sustained. I can find no reason satisfactory to the court to now set it aside and order a third trial of this issue."

We agree with the trial judge that this extraordinary motion for a new trial should have been overruled. Without considering the counter-affidavits introduced to support the motion for a new trial, it is clear that the judge's mind was in doubt as to whether or not the relationship claimed by movant between the prevailing party and one of the jurors was established. But, without reference to this, the court was authorized to refuse the extraordinary motion, which was based upon an alleged relationship between one of the jurors and one of the parties. The verdict in this case was rendered at the May term, 1927, of the court. The extraordinary motion was not made until May, 1929. Over two years had elapsed between the rendition of the verdict and the filing of the motion. It is true that evidence was submitted to show that the relationship which is the basis of the motion had been recently discovered; yet two years had elapsed after the verdict, and we are of the opinion that the judge might still hold that there was a lack of due diligence upon the part of the movant to discover the alleged relationship. Besides, it is not shown that Mrs. Usry, one of the parties to the case, did not know of the relationship. No affidavit by her is in the record, and could not have been produced because, subsequently to the verdict and before the filing of the motion for a new trial, she had died. But the fact that she had died, and because of that fact could not make an affidavit, does not raise a presumption that she did not have knowledge during her life of the existence of this relationship. The burden was upon the movant to show positively that neither Mrs. Usry's counsel nor Mrs. Usry, who was in life for more than a year after the rendition of this final verdict, had knowledge of the relationship. *Ficklin* v. *State*, 168 *Ga.* 747 (149 S. E. 42). Extraordinary motions for new trial are not favored; and it seems that this rule would be violated if parties could wait for two years before discovering relationship between a juror and the party, and make that relationship a good ground for another trial of the case. And it would be carrying the favor still farther to hold that after such a lapse of time a new trial could be granted upon the extraordinary motion which is not accompanied by an affidavit of the losing party that at the time of the trial she

did not know of the relationship. Without reference to the question as to whether there may be a new trial granted upon extraordinary motion in a civil case, we are of the opinion that there was no abuse of discretion upon the part of the trial judge in overruling the motion in the present case.

*Judgment affirmed. All the Justices concur.*